UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60860-CIV-DIMITROULEAS/TORRES

JELD-WEN, INC., an Oregon
corporation,

    Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL, INC.,
d/b/a "GLASSLAM" AND "N.G.I., INC.", a
Florida corporation, CARDINAL IG COMPANY,
a Minnesota corporation, and POLYGARD, INC.,
a Florida corporation,

    Defendants/Third-party Plaintiff Glasslam,

vs.

REICHHOLD, INC., a foreign corporation,

    Third-party Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL

This matter comes before Court on the Plaintiff Jeld-Wen Inc.'s Motion to Compel Production of the Settlement Agreement Entered Into Between Glasslam and Reichhold in *Glasslam II* [D.E. 191]. The Court has reviewed the Motion, Reichhold's opposition, Jeld-Wen's reply, and the record in the case. This matter is ripe for disposition.

    1.    Plaintiff's Motion seeks to compel the production of the *Glasslam II* settlement agreement entered into between Glasslam (a plaintiff in that action and third-party plaintiff here) and Reichhold (a defendant in that action and third-party defendant here). That litigation, *Nebula Glass Int'l, Inc. d/b/a Glasslam, N.G.I. v. Reichhold, Inc.,* Case No. 05-

60704-Civ-DIMITROULEAS/TORRES, involved Glasslam's claims for damages caused by Reichhold's defective resin, in addition to those previously litigated in *Glasslam I* that was tried to verdict in May 2004, and affirmed on appeal on June 30, 2006 (Case No. 02-60703). The parties in *Glasslam II* settled those particular damage claims prior to trial.

  2. Jeld-Wen was not a party to either of those actions.  Consequently, in this case Jeld-Wen served a document request addressed to both Glasslam and Reichhold for the production of the *Glasslam II* settlement agreement.  Jeld-Wen believes that the settlement agreement may be relevant to determine what understanding those parties have agreed to that may affect in some way what will be argued at trial in this case.  Jeld-Wen contends that the settlement agreement may constitute impeachment evidence for Jeld-Wen's use at trial, in addition to substantive evidence with which to defend against Glasslam or Reichhold's anticipated argument that the cost of repairs to Jeld-Wen windows at issue here was much higher than it should have been.  Jeld-Wen believes it may be able to use the calculation of Glassman's cost of repairs that may be found in the settlement agreement in support of its damage claim here.

  3. Glasslam and Reichhold objected to the document request on grounds of relevance, inadmissibility, and confidentiality.  They argue that the settlement agreement is not relevant to Jeld-Wen's damage claims because the property at issue here are very different from those at issue in *Glasslam II*.  Thus, the costs of repair that were contemplated in the settlement agreement could not shed light on what the reasonable costs of repair would be here.  Additionally, they argue that the settlement agreement is inadmissible in any event under Fed. R. Evid. 408, and therefore there is no reason to produce the document in discovery.

Case 0:05-cv-60860-WPD   Document 315   Entered on FLSD Docket 05/22/2007   Page 3 of 7

4. Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved. . . ." Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002); *e.g., In re Theragenics Corp. Secs. Litigation,* 205 F.R.D. 631, 636-37 (N.D. Ga. 2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001).

5. To sustain their objections in response to the pending motion to compel, the Defendants must, therefore, show that the requested discovery at issue has no possible bearing on the claims and defenses in this case. *See id.* (citing *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978)); *Graham,* 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). This means that Defendants must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *Giardina v. Lockheed Martin Corp.,* 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg,* 197 F.R.D. 519 (M.D. Fla. 2000).

3

6. Glasslam and Reichhold have failed to meet their burden to sustain their objections to production of the settlement agreement. Jeld-Wen has sufficiently shown that the agreement may itself be useful to Jeld-Wen as impeachment evidence at trial, either against Glasslam, Reichhold, or both defendants. Impeachment evidence is a classic example of the type of evidence that should be discoverable in litigation. *See, e.g., Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Here, Jeld-Wen is seeking production of a contract, pure and simple. That contract, entered into between the two parties that it opposes in this case, may have provisions that could potentially include cooperation agreements that may come into play during the trial of this case. If so, Jeld-Wen is certainly entitled to know that fact in discovery. And, it certainly may be able to use the document to impeach either party depending upon how they testify at trial. We are left only to speculate, however, because the contract has not been produced to Jeld-Wen. It could turn out, of course, that the contract has nothing much to say and leaves Jeld-Wen with little or nothing to use. But that is why they call it – "discovery." Jeld-Wen may discover that this exercise was useless. It is entitled to know that well before the trial.

7. Impeachment evidence is, of course, available to a party even if that evidence is ultimately not admissible in evidence at trial. Thus, the Defendants' inadmissibility argument is ultimately itself irrelevant for purposes of discovery. Whether the document ends up being useful, or if so then admissible at trial as evidence or only as an impeachment vehicle before the jury, are matters that need not be decided now. It suffices to say that Jeld-Wen has made a sufficient showing that the document may be useful at trial one way or another. And Glasslam

and Reichhold have failed to show definitively that the settlement agreement "has no possible bearing" at trial.

8.      Additionally, with regard to the argument that the settlement agreement itself is not relevant for substantive purposes, the jury is out on that question because we do not know precisely how the settlement amounts were calculated by the parties in *Glasslam II* or whether that calculation is at all relevant to the damages at issue here.  Based upon the citation to Glasslam's own CEO's deposition, Jeld-Wen has shown that **Glasslam** may believe that the method of calculation used in that settlement should be juxtaposed against the repair costs demanded here.  That showing is by itself sufficient to satisfy the Court that the settlement agreement should now be produced in order for Jeld-Wen to consider that issue for itself.

9.      The Defendants' argument that a heightened standard of relevance should be applied when it comes to production of a settlement agreement in discovery is rejected.  That argument is not supported by any binding or persuasive authority in this Circuit, and moreover it is simply wrong.  There is nothing magical about a settlement agreement.  It ultimately is just a contract between two parties.  No other contract enjoys the type of "heightened" protection that the Defendants require, and they do not explain just exactly why this type of contract merits such treatment.  Rule 26 has no exception for settlement agreements.  Therefore, the traditional post-2000 standards that apply to any Rule 26 issue apply to this document.[1]  *See In re Initial Public Offering Sec. Litig.,* 2004 WL 60290, at 4-5 (S.D.N.Y.

---

[1] The Court takes no position on whether a heightened standard should be applied for purposes of admissibility, as some courts have appear to have done per Fed. R. Evid. 408. *See, e.g., Lesal Interiors, Inc. v. RTC,* 153 F.R.D. 552 (D.N.J. 1994).  One can see why a trial court may consider that argument at trial.  But to preclude any discovery into the agreement, with which to provide one party with the factual information necessary to make that

Jan. 12, 2004) (rejecting requirement of particularized showing of relevance and following standard required by Rule 26).

    10.    To the extent a heightened standard has been applied, it appears that the confidential nature of the document is one reason why.  But that confidentiality interest is adequately addressed here by the production of the document under the confidentiality order that governs this case.  And, to the extent some courts believe that Rule 408 bars the production or admission of any settlement agreement at all without such a heightened standard, that Rule says no such thing.  The existence of a settlement is certainly not addressed in the Rule.  The terms of the settlement are addressed, but only if the settlement is being used to prove the underlying liability.  Here, so long as the document is not admitted for that purpose, then Rule 408 is no obstacle to its use.  *See, e.g., Hudspeth v. Commissioner,* 914 F.2d 1207, 1214 (9th Cir. 1990) (settlement admissible to show bias or prejudice of a witness); *Bankcard America, Inc. v. Universal Bancard Sys., Inc.,* 203 F.3d 477, 483-84 (7th Cir. 2000) (settlement admissible to prove motive or intent of a party).  But again, admissibility issues should not drive the discovery issue.  There is at least a good faith basis here to argue that the settlement agreement *may* be admissible at trial.  That fact entitles Jeld-Wen to production of potentially relevant evidence, whether or not the document is actually admitted at trial.  *See Bennet v. La Pere,* 112 F.R.D. 136, 139 (D.R.I. 1986) ("There is, of course, no satisfactory way for [Jeld-Wen here] to determine whether it can slip within the integument of the Rule 408 exception unless it gains discovery access to the settlement documents.").

---

showing at trial, seems to us to be unnecessarily restrictive and contrary to the principles set forth in Rule 26.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Jeld-Wen's Motion to Compel is **GRANTED**. Defendants Glasslam and Reichhold shall produce a complete copy of their settlement agreement in *Glasslam II* no later than May 25, 2007.

2. Glasslam and Reichhold's objections to production of the settlement agreement are OVERRULED.

3. The production of the settlement agreement in accordance with this Order shall be subject to the terms of the confidentiality order already in place, and shall not be disclosed to any third parties for any reason.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 22nd day of May, 2007.

EDWIN G. TORRES
United States Magistrate Judge

cc: Honorable William P. Dimitrouleas
 counsel of record