**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-60860-CIV-DIMITROULEAS/TORRES

JELD-WEN, INC., an Oregon
corporation,

      Plaintiff,

vs.

NEBULA GLASS INTERNATIONAL,
INC. d/b/a "GLASSLAM" and "N.G.I.,
INC.," a Florida corporation,

      Defendant/Third-Party Plaintiff,

vs.

REICHHOLD, INC., a foreign corporation,

      Third-Party Defendant.
_____/

**ORDER DENYING JOINT MOTION TO STAY
ORDER COMPELLING PRODUCTION OF SETTLEMENT AGREEMENT**

This matter is before the Court upon expedited consideration of Defendant/Third-Party Plaintiff Nebula Glass International, Inc. ("Glasslam") and Third-Party Defendant Reichhold, Inc.'s last-minute motion [D.E. 324] to stay this Court's Order entered May 22, 2007 [D.E. 315] that compels production of the settlement agreement entered between Glasslam and Reichhold in the *Glasslam II* litigation by this date, May 25, 2007. Glasslam and Reichhold seek to stay compliance with the May 22nd Order pending an appeal of that Order with the District Judge. Plaintiff Jeld-Wen, Inc. opposes the entry of this Order. For the reasons that follow, the Order will be denied.

1.      On March 19, 2007, Jeld-Wen filed a motion to compel production of the settlement agreement Glasslam and Reichhold entered in *Glasslam II*. [D.E. 191]. Both Glasslam and Reichhold opposed the motion to compel on the basis of relevance and confidentiality of their settlement agreement. [D.E. 215 & 216]. The Court's May 22nd granted Jeld-Wen's motion to compel because Glasslam and Reichhold failed to meet their burden of showing that the document in question could not possibly be related to the claims or defenses in the case or otherwise inadmissible at trial. The Court compelled Glasslam and Reichhold to produce the settlement agreement by this date, May 25, 2007.

2.      In the ordinary course, an appeal of a non-dispositive order under the Court's Local Rules may be filed within ten days upon entry of the order, unless the Court provides otherwise. S.D. Fla. Local Mag. J. R. 4(a). In this case, the May 22nd Order required production of the document in question far sooner than the ordinary ten-day period for an appeal provided in Rule 4. Because this case is proceeding to trial, the Court provided Glasslam and Reichhold only three days to comply with the Order. The filing of an appeal of that Order or a motion to stay pending appeal would have had to be accelerated in order for Glasslam and Reichhold to be relieved of their obligation to comply.

3.      Glasslam and Reichhold, however, did not immediately appeal the May 22nd Order to the District Judge or otherwise file the pending motion to stay. Indeed, on May 23, 2007, the parties were present for an extended hearing before the District Judge on several in limine motions, at which time Glasslam and Reichhold clearly had an opportunity to raise this issue with the District Judge well in advance of their date of compliance with the May 22nd Order. They, however, did not file an appeal or raise the pending motion to stay with the District Judge.

4. Instead, well after the close of normal business on May 25th, Glasslam and Reichhold filed the pending motion to stay, rather than complying with the Court's May 22nd Order. And, curiously, that motion to stay was filed the evening before a three-day holiday weekend. Glasslam and Reichhold are apparently under the impression that the mere filing of this motion will excuse their compliance with the May 22nd Order and delay matters until well into next week. In the meantime, the parties are otherwise preparing for trial in this case, which is set to commence in two weeks, on June 11, 2007, and Jeld-Wen continues to lack evidence that the Court has found to be discoverable.

5. The Court finds that Glasslam and Reichhold's motion to stay is both untimely and meritless. The motion is untimely because the date for compliance has now come and gone. Yet, the pending motion was not filed until after the close of business on that date, rather than well beforehand so as to provide Jeld-Wen an opportunity to respond and, more importantly, to provide the Court with an opportunity to address the issues raised in a timely basis well before compliance with the Order was due. Glasslam and Reichhold's failure to comply with the May 22nd Order without obtaining an order to stay *well before* the time for compliance is not excusable.

6. Disposition of a motion to stay compliance with a discovery order is not materially different from the disposition of a motion for protective order. And, as Glasslam and Reichhold are well aware, the filing of a motion for protective order does not excuse a party from complying with the discovery requested. *See* S.D. Fla. Local R. App. A (Discovery Practices Handbook) § VI.B ("In addition to the procedures and guidelines governing the procedures and guidelines governing the filing of motions for a protective order, counsel should be aware that the mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the discovery requested or scheduled.").

7. Even more compellingly, a motion to stay any district court order pending appeal does not excuse compliance with that order until and unless the Court grants a timely-filed motion. *See, e.g., Maness v. Meyers,* 419 U.S. 449, 458 (1975) ("all orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal."); *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d 1440, 1448 (11th Cir. 1985) (failure to comply with discovery order absent a stay of that order justified substantial Rule 37 sanctions).

8. In this case, the pending motion is already untimely because Glasslam and Reichhold should have already produced the settlement agreement having failed to obtain a stay beforehand. And the last-minute motion to stay after the close of business does not help matters at all.

9. In addition, apart from its procedural irregularity, the pending motion is substantively meritless. The argument it raises is that Glasslam and Reichhold will suffer irreparable harm if a stay is not entered pending an appeal under Rule 4(a) that, according to the movants, may or may not be filed by June 6, 2007. Glasslam and Reichhold, however, rely on no legal support for that position. No affidavits or record evidence is submitted with the motion to show how that irreparable harm could exist under the circumstances. Instead, the Court is left with only the conclusory arguments of counsel that irreparable harm will follow if a stay is not entered and their non-compliance with the May 22nd Order excused *nunc pro tunc.*

10. The fact is that disclosure of the parties' agreement will not cause irreparable harm to either party. Their right to appeal the May 22nd Order is still, of course, preserved because Jeld-Wen's ability to make any use of that document at trial would still be determined by the District Judge in considering the appeal and/or

objections to the introduction of the document. The only "harm" that may be suffered is that Jeld-Wen will be better educated about what those arguments could or will be by having access to the document in the first place. As the Court's May 22nd Order found, that is no tangible harm at all.

11. Moreover, the "cat out of the bag" argument raised in the pending motion is also meritless. Noticeably, Glasslam and Reichhold cite *zero* authorities for the proposition that disclosure of the terms of a settlement agreement can give rise to irreparable harm. Instead, the motion relies on one case where a stay was entered, pending appeal to the Eleventh Circuit, based upon the production of *attorney-client privileged* communications. See *Nowak v. Lexington Ins. Co.,* 2006 WL 3613760 (S.D. Fla. June 22, 2006). The production of a so-called "confidential" settlement agreement hardly rises to the level of production of attorney-client communications, which by statute are per se privileged. One can understand how such a discovery order in *Nowak* could give rise to irreparable harm. Here, however, production of this settlement agreement does not give rise to any "cat out of the bag" scenarios.

12. Another reason why the motion to stay is meritless is that there is little likelihood of success on the merits. Any appeal to the District Judge under Rule 4(a) does not contemplate de novo review; rather, to succeed Glasslam and Reichhold must show clear error in the record. After considering the record here, the Court finds that the movants have not shown that there is a substantial likelihood of success on that argument. Again, what they are deeming to be so "confidential" to warrant their extraordinary measures is not a trade secret, is not privileged, and does not raise national security concerns. Instead, the document in question is a contract that settled a public proceeding – civil litigation. That document barely registers on the Richter scale, let alone provides the basis for any extraordinary treatment.

13. Finally, a motion to stay is in effect an equitable request for time for a higher court to review what a lower court has decided. Under normal circumstances, the Court would be amenable to such a request in the interests of comity and the orderly resolution of reasonable disputes. Here, however, Glasslam and Reichhold's last-minute motion to stay stains their hands before a Court sitting in equity. And, their failure to *immediately* file the pending motion, especially when they were personally appearing before the District Judge just one day after the Order was entered, raises doubts as to whether they themselves deem their predicament so irreparable or so compelling.

14. In short, Glasslam and Reichhold's last-minute motion to stay is not well taken. Their unilateral decision to stay compliance with the Court's May 22nd Order is not permissible under the Court's Rules. And their after-hours motion to stay will not be granted. The Court has expedited consideration of this motion and entered this Order at this late hour to ensure that Glasslam and Reichhold are immediately on notice of their continuing obligations under the May 22nd Order.

Accordingly, for the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

A. The Joint Motion to Stay Order Compelling Production of Settlement Agreement [D.E. 324] is **DENIED**.

B. Glasslam and Reichhold's time for compliance with the Court's May 22, 2007, Order has expired. The Court will excuse that non-compliance but only if Glasslam and Reichhold comply with the Order by **3:00 p.m., May 26, 2007**. In light of the fact all parties in this case are undoubtedly busy preparing for trial and working weekends to that effect, the Court is confident that Glasslam and Reichhold's counsel will become aware of the entry of this Order by that point in time.

C. Because Glasslam and Reichhold's appeal of the May 22nd Order is still viable, Jeld-Wen is **ORDERED** to not disclose the contents of the settlement agreement

in question to *any* third-party, including a retained expert or other agent, and shall make the agreement available only for attorneys' eyes pending final review of the May 22nd Order by the District Judge. This protective order also applies to prevent disclosure of the contents of the agreement to Jeld-Wen's corporate representatives, officers, or employees.

     D.     The failure to comply with this Order in any respect shall warrant entry of appropriate sanctions and may be treated as a contempt of court in accordance with Fed. R. Civ. P. 37(b) and 28 U.S.C. § 636(e).

**DONE AND ORDERED** at Miami, Florida, this 25th day of May, 2007.

EDWIN G. TORRES
United States Magistrate Judge